**EXHIBIT A**

**EXHIBIT A**

1  ERIC A. GROVER (SBN 136080)
   eagrover@kellergrover.com
2  ROBERT SPENCER (SBN 238491)
   rjung@kellergrover.com
3  **KELLER GROVER LLP**
   1965 Market Street
4  San Francisco, California 94103
   Telephone: (415) 543-1305
5  Facsimile: (415) 543-7861

6  Attorneys for Plaintiff
   Richard Wuest

7

**FILED**
ALAMEDA COUNTY

FEB - 6 2017

CLERK OF THE SUPERIOR COURT
By _____ Erica Baker
     ERICA BAKER, Deputy

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                  **IN AND FOR THE COUNTY OF ALAMEDA**

10

11  RICHARD WUEST, individually and on      )  Case No: **RG17848396**
    behalf of a class of similarly situated )
12  individuals,                            )
                                            )  CLASS ACTION
13              Plaintiff,                   )
                                            )  **COMPLAINT FOR DAMAGES AND**
14          v.                              )  **INJUNCTIVE RELIEF**
                                            )
15  COMPLETE RECOVERY CORPORATION;          )
    and DOES 1 through 10, inclusive,       )  **DEMAND FOR JURY TRIAL**
16                                          )
              Defendants.                    )
17                                          )
                                            )
18                                          )
                                            )
19  _____ )

20

21

22

23

24

25

26

27

28

**KELLER GROVER LLP**
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

**BY FAX**

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

## CLASS ACTION COMPLAINT

Plaintiff Richard Wuest ("Plaintiff" or "Wuest"), on behalf of himself and a class (the "PC § 632.7 Class") of similarly situated individuals as defined below, alleges on information and belief and the investigation by counsel as follows:

## INTRODUCTION

1.      This class action lawsuit arises out of the policy and practice of Defendant Complete Recovery Corporation ("Defendant" or "Complete Recovery") to record and/or monitor,[1] without the consent of all parties, (1) consumer-initiated telephone calls made or routed to Defendant's toll-free and other telephone numbers, including but not limited to 866-955-0832, and (2) Complete Recovery initiated telephone calls to consumers. Complete Recovery bills itself as a company involved in building programs to gain the cooperation of client customers in returning equipment as an alternative to repossession and debt collection actions. http://www.completerecoverycorp.com/index.html  In its work, Complete Recovery makes outbound telephone calls. Additionally, 866-955-0832 is one of Defendant's telephone numbers that connects callers to Defendant's collection agents. During the relevant time period, Defendant intentionally and surreptitiously recorded and/or monitored telephone calls made to or from Defendant's telephone numbers. Defendant did so without warning or disclosing to call recipients and inbound callers that their calls might be recorded or monitored.

2.      Defendant's policy and practice of recording and monitoring both outbound and consumer-initiated inbound telephone conversations without the consent of all parties violates California's Invasion of Privacy Act (Penal Code §§ 630, *et seq.*).  Specifically, Defendant's policy and practice violates Penal Code § 632.7, which prohibits the recording or monitoring of a communication made to or from a cellular or cordless telephone without the consent of all parties to the communication.

///

---

[1] "Monitor," as used in this complaint, includes both (a) the common understanding of a person listening in on a call and (b) "intercepting," as that term is used in the California Invasion of Privacy Act ("CIPA"). Thus, "monitor" will be used in lieu of "intercept" throughout this complaint.

3.    Because of Defendant's violations, all individuals located within California who were called by Complete Recovery or who called one of Defendant's' telephone numbers while they were in California and were recorded or monitored by Defendant surreptitiously and without disclosure are entitled to an award of statutory damages and injunctive relief as set forth in Penal Code § 637.2.

**PARTIES**

4.    Plaintiff Richard Wuest is an individual and a resident of California.

5.    Defendant Complete Recovery Corporation is business entity, form unknown, with a listed address in Salt Lake City, Utah.  Although Defendant is not registered to do business in California with the Office of the Secretary of State, Defendant systematically and continuously does business in California and with California residents.

6.    Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 10, inclusive, and therefore sues those defendants by those fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and on that ground alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences alleged and that Plaintiff's injuries and damages, as alleged, are proximately caused by those occurrences.

7.    Plaintiff is informed and believes and on that ground alleges that, at all relevant times, each Defendant was the principal, agent, partner, joint  enture, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants as to be liable for their conduct with respect to the matters alleged below.  Plaintiff is informed and believes and on that ground alleges that each Defendant acted pursuant to and within the scope of the relationships alleged above, and that each knew or should have known about and authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all Defendants.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

COMPLAINT                               2                          Case No. _____

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

## JURISDICTION AND VENUE

8.    This Court has subject matter jurisdiction over this action under California Penal Code §§ 632.7 and 637.2.

9.    This Court has personal jurisdiction over the parties because at all times relevant hereto Plaintiff was a California resident and Defendant has systematically and continuously conducted business in the State of California.

10.    Venue is proper in this Court because California Code of Civil Procedure §§ 395 and 395.5, and case law interpreting those sections, provide that if a foreign business entity fails to designate with the office of the California Secretary of State a principal place of business in California, it is subject to being sued in any county in the state that plaintiff desires.   On information and belief, as of the date this Complaint is filed, Defendant Complete Recovery Corporation is a foreign business entity and has failed to designate a principal place of business in California with the office of the Secretary of State.

## FACTUAL ALLEGATIONS COMMON TO THE CLASS

11.    Plaintiff is informed and believes and on that ground alleges that the Complete Recovery operates telephone numbers, including 866-955-0832.

12.    Plaintiff is informed and believes and on that ground alleges that Defendant's employees and agents receive incoming calls from callers including California callers.

13.    Plaintiff is informed and believes and on that ground alleges that Defendant intentionally has used technology consisting of hardware and/or software or other equipment to carry out a policy and practice of recording and/or monitoring calls routed to Defendant's collection agents.

14.    Plaintiff is informed and believes and on that ground alleges that Defendant's employees and agents were and are directed, trained, and instructed to, and did and do, record and/or monitor inbound telephone calls between the collection agents and callers, including California callers using cordless and cellular telephones.

15.    On or about December 1, 2106, Plaintiff called Complete Recovery at 866-955-0832 from a location within California using his cellular telephone.

COMPLAINT                               3                           Case No. _____

16.     During Plaintiff's telephone call to Defendant, Defendant failed to disclose to Plaintiff that his telephone conversation with Defendant was being recorded and/or monitored. Plaintiff did not give and could not have given consent for the telephone call to be recorded or monitored because he was unaware that Defendant were engaged in that practice during the telephone call.

17.     Plaintiff is informed and believes and on that ground alleges that other callers who called a Complete Recovery telephone number and were routed to one of Defendant's collection agents were not informed by Defendant or anyone else that their calls were being recorded and/or monitored.  Thus, that recording and/or monitoring necessarily occurred without the callers' knowledge or consent.

18.     Plaintiff is informed and believes and on that ground alleges that Defendant's employees and agents make outbound telephone calls to persons from whom they are attempting to recover client equipment, including individuals located in California.

19.     Plaintiff is informed and believes and on that ground alleges that Defendant intentionally has used technology consisting of hardware and/or software or other equipment to carry out a policy and practice of recording and/or monitoring outbound calls made by Defendant's collection agents.

20.     Plaintiff is informed and believes and on that ground alleges that Defendant's employees and agents were and are directed, trained, and instructed to, and did and do, record and/or monitor outbound telephone calls between the collection agents and callers, including California callers using cordless and cellular telephones.

21.     Because there was no warning that calls would be recorded or monitored, Plaintiff had a reasonable expectation that his telephone conversation with Defendant's employees and agents was, and would remain, private and confined to the parties on the telephone.  That recording and/or monitoring without his consent is highly offensive to Plaintiff and would be highly offensive to a reasonable person, including members of the proposed Plaintiff Class.

///

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

## CLASS ACTION ALLEGATIONS

22.     Plaintiff brings this action under California Code of Civil Procedure § 382 on behalf of himself and the class (the "PC § 632.7 Class") defined as follows:

> All California residents who, at any time during the applicable limitations period preceding the filing of this Complaint and through and including the date of resolution, received a telephone call to their cordless or cellular telephone while located within California from one of Defendant's collection agents or called one or more of Defendant's telephone numbers from a cellular or cordless telephone while located within the State of California and whose calls were recorded and/or monitored by Defendant without any warning or disclosure at the call outset.

23.     The PC § 632.7 Class that Plaintiff seeks to represent contains numerous members and is clearly ascertainable including, without limitation, by using Defendant's records and/or Defendant's telephone company's and/or other telecommunications and toll-free service providers' records regarding calls to Defendant's telephone numbers to determine the size of the PC § 632.7 Class and to determine the identities of individual PC § 632.7 Class members. Plaintiff reserves the right to amend or modify the PC § 632.7 Class definition and/or to add subclasses or limitations to particular issues.

24.     By its unlawful actions, Defendant has violated Plaintiff's and the PC § 632.7 Class's privacy rights under California's Invasion of Privacy Act, California Penal Code §§ 630 *et seq.* The questions raised are, therefore, of common or general interest to the PC § 632.7 Class members, who have a well-defined community of interest in the questions of law and fact raised in this action.

25.     Plaintiff's claims are typical of those of the PC § 632.7 Class, as Plaintiff now suffers and has suffered from the same violations of the law as other putative PC § 632.7 Class members. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions to represent him and the PC § 632.7 Class, and Plaintiff will fairly and adequately represent the interests of the PC § 632.7 Class.

///

COMPLAINT                                  5                        Case No. _____

26.     This action may properly be maintained as a class action under section 382 of the California Code of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed PC § 632.7 Class is ascertainable.

**Numerosity**

27.     Based on information and belief, the Class consists of at least seventy-five individuals, making joinder of individual cases impracticable.

**Typicality**

28.     Plaintiff's claims are typical of the claims of all of the other members of the PC § 632.7 Class.  Plaintiff's claims and the PC § 632.7 Class members' claims are based on the same legal theories and arise from the same unlawful conduct, resulting in the same injury to Plaintiff and to all of the other PC § 632.7 Class members.

**Common Questions of Law and Fact**

29.     There are questions of law and fact common to the PC § 632.7 Class that predominate over any questions affecting only individual PC § 632.7 Class members.  Those common questions of law and fact include, without limitation, the following:

a.    Whether Defendant had a policy or practice of recording and/or monitoring inbound telephone calls made to Complete Recovery telephone numbers;

b.    Whether Defendant had a policy or practice of not disclosing to inbound callers that their conversations with Defendant's employees or agents would be recorded and/or monitored;

c.    Whether Defendant had a policy or practice of not obtaining inbound callers' consent to record and/or monitor conversations between Defendant's employees or agents, on the one hand, and inbound callers, on the other;

d.    Whether Defendant violated California Penal Code § 632.7 by recording and/or monitoring, surreptitiously and without disclosure at the call outset, telephone conversations

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

COMPLAINT                                    6                          Case No. _____

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

i. between inbound callers using cellular and cordless telephones within California and Defendant's employees and agents, and

ii. between inbound callers using landline telephones within California and Defendant's employees and agents using cellular or cordless phones;

e.    Whether Defendant had a policy or practice of recording and/or monitoring outbound telephone calls;

f.    Whether Defendant had a policy or practice of not disclosing to outbound call recipients that their conversations with Defendant's employees or agents would be recorded and/or monitored;

g.    Whether Defendant had a policy or practice of not obtaining outbound call recipients' consent to record and/or monitor conversations between Defendant's employees or agents, on the one hand, and outbound callers, on the other;

h.    Whether Defendant violated California Penal Code § 632.7 by recording and/or monitoring, surreptitiously and without disclosure at the call outset, telephone conversations

i. between Defendant's employees and agents and outbound call recipients using cellular and cordless telephones within California, and

ii. between outbound call recipients using landline telephones within California and Defendant's employees and agents using cellular or cordless phones; and

i.    Whether Class members are entitled to statutory damages of $5,000 per call under Penal Code § 637.2 for each violation of Penal Code § 632.7.

**Adequacy**

30.    Plaintiff will fairly and adequately represent and protect the interests of the other members of the PC § 632.7 Class. Plaintiff has retained counsel with substantial experience in

COMPLAINT                                        7                        Case No. _____

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

1  prosecuting complex litigation and class actions.  Plaintiff and his counsel are committed to

2  prosecuting this action vigorously on behalf of the other PC § 632.7 Class members and have the

3  financial resources to do so.  Neither Plaintiff nor his counsel have any interests adverse to those

4  of the other PC § 632.7 Class members.

5  **Superiority**

6       31.    A class action is superior to other available methods for the fair and efficient

7  adjudication of this controversy because individual litigation of the claims of all PC § 632.7

8  Class members is impracticable and questions of law and fact common to the PC § 632.7 Class

9  predominate over any questions affecting only individual members of the PC § 632.7 Class.

10  Even if every individual PC § 632.7 Class member could afford individual litigation, the court

11  system could not.  It would be unduly burdensome to the courts if individual litigation of the

12  numerous cases were to be required.  Individualized litigation also would present the potential

13  for varying, inconsistent, or contradictory judgments and would magnify the delay and expense

14  to all parties and to the court system resulting from multiple trials of the same factual issues.  By

15  contrast, the conduct of this action as a class action with respect to some or all of the issues will

16  present fewer management difficulties, conserve the resources of the court system and the

17  parties and protect the rights of each PC § 632.7 Class member.  Further, it will prevent the very

18  real harm that would be suffered by numerous putative PC § 632.7 Class members who simply

19  will be unable to enforce individual claims of this size on their own, and by Defendants'

20  competitors, who will be placed at a competitive disadvantage as their punishment for obeying

21  the law.  Plaintiff anticipates no difficulty in the management of this case as a class action.

22       32.    The prosecution of separate actions by individual PC § 632.7 Class members may

23  create a risk of adjudications with respect to them that would, as a practical matter, be dispositive

24  of the interests of other PC § 632.7 Class members not parties to those adjudications or that

25  would substantially impair or impede the ability of those non-party PC § 632.7 Class members to

26  protect their interests.

27       33.    The prosecution of individual actions by PC § 632.7 Class members would run

28  the risk of establishing inconsistent standards of conduct for Defendant.

34.     Defendant has acted or refused to act in respects generally applicable to the PC §
632.7 Class, thereby making appropriate final and injunctive relief or corresponding declaratory
relief with regard to members of the PC § 632.7 Class as a whole as requested herein.  Likewise,
Defendant's conduct as described above is unlawful, is capable of repetition, and will continue
unless restrained and enjoined by the Court.

<div align="center">

**FIRST CAUSE OF ACTION**
**Unlawful Recording and/or Monitoring of**
**Cellular and Cordless Telephone Communications**
**(Violation of California Penal Code § 632.7)**

</div>

35.     Plaintiff incorporates each allegation set forth above as if fully set forth herein
and further alleges as follows.

36.     While located in California, Plaintiff participated in at least one telephone call
that he made to one of the Defendant's telephone numbers and spoke with a collection agent.
Plaintiff used a cellular telephone to engage in at least one such conversation.

37.     Plaintiff is informed and believes and on that ground alleges that, at all relevant
times, Defendant had a policy and practice of using hardware and/or software or other
equipment that enabled it to surreptitiously record and/or monitor conversations with Plaintiff
and other PC § 632.7 Class members (a) who made calls to Complete Recovery customer
service telephone numbers on their cellular or cordless telephones or (b) who made calls to
Defendant's cellular or cordless telephones on their landline telephones or (c) who received a
call from Defendant on their cellular or cordless telephone or (d) who received a call from
Defendant's cellular or cordless telephones on their landline telephone.

38.     Plaintiff is informed and believes and on that ground alleges that, at all relevant
times, Defendant has and followed a policy and practice of intentionally and surreptitiously
recording and/or monitoring Plaintiff's and PC § 632.7 Class members' telephone conversations
with Defendant's employees and agents in which one or both parties to the call were using
cellular or cordless telephones.

39.     Plaintiff is informed and believes and on that ground alleges that Defendant has
and followed a policy and practice of not advising or warning outbound call recipients and

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

1   inbound callers such as Plaintiff or PC § 632.7 Class members at the call outset that their

2   telephone communications with Defendant's employees and agents, in which one or both parties

3   to the call were using cellular or cordless telephones, would be recorded and/or monitored.

4   Because Defendants did not disclose to Plaintiff or PC § 632.7 Class members at the call outset

5   that their calls were being recorded and/or monitored, Defendant did not obtain, and could not

6   have obtained, Plaintiff's or PC § 632.7 Class members' express or implied advance consent to

7   the recording or monitoring of those conversations.  As a result, Plaintiff and PC § 632.7 Class

8   members had an objectively reasonable expectation that their calls were not being recorded

9   and/or monitored.  That expectation and its objective reasonableness arise, in part, from the

10  objective offensiveness of surreptitiously recording people's conversations, the absence of even

11  a simple message as short as four simple words – "calls may be recorded" – and the ease with

12  which such a message could have been put in place.  As the California Supreme Court has

13  stated, "in light of the circumstance that California consumers are accustomed to being

14  informed at the outset of a telephone call whenever a business entity intends to record the call, it

15  appears equally plausible that, in the absence of such an advisement, a California consumer

16  reasonably would anticipate that such a telephone call is not being recorded, particularly in view

17  of the strong privacy interest most persons have with regard to the personal financial

18  information frequently disclosed in such calls." (See *Kearney v. Salomon Smith Barney* (2006)

19  39 Cal. 4th 95.)

20        40.     Defendant's conduct as described above violated California Penal Code §

21  632.7(a).  Under Penal Code § 637.2, Plaintiff and PC § 632.7 Class members therefore are

22  entitled to $5,000 in statutory damages per violation, even in the absence of proof of actual

23  damages, the amount deemed proper by the California Legislature.  Plaintiff and PC § 632.7

24  Class members also are entitled to injunctive relief to enjoin further violations.

25  //

26  //

27  //

28  //

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

COMPLAINT                                    10                          Case No. _____

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and members of the Class, prays for the following relief:

a.    An order certifying the PC § 632.7 Class and appointing Plaintiff Richard Wuest as representative of the PC § 632.7 Class, and appointing counsel for Plaintiff as lead counsel for the PC § 632.7 Class;

b.    An order declaring that the actions of Defendant, as described above, violate California Penal Code § 632.7;

c.    A judgment for and award of statutory damages of $5,000 per violation to Plaintiff and the members of the PC § 632.7 Class under California Penal Code § 637.2;

d.    A permanent injunction under Penal Code § 637.2 enjoining Defendant from engaging in further conduct in violation of California Penal Code § 630, *et seq.*;

e.    Payment of costs of the suit;

f.    Payment of attorneys' fees under California Code of Civil Procedure § 1021.5;

g.    An award of pre- and post-judgment interest to the extent allowed by law; and

h.    For such other or further relief as the Court may deem proper.

Respectfully submitted,

Dated:  February 6, 2017         **KELLER GROVER LLP**

By: _____

Eric A. Grover
Attorneys for Plaintiff

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

1

## JURY DEMAND

2          Plaintiff requests a trial by jury of all claims that can be so tried.

3

4                                        Respectfully submitted,

5    Dated:  February 6, 2017            **KELLER GROVER LLP**

6

7                                        By:

8                                            Eric A. Grover
                                             Attorneys for Plaintiff
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT                                12                    Case No. _____


*14977207*

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**FILED**
ALAMEDA COUNTY

FEB - 6 2017

CLERK OF THE SUPERIOR COURT
By _Erica Barker_
ERICA BAKER, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

COMPLETE RECOVERY CORPORATION; and DOES 1 through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

RICHARD WUEST, individually and on behalf of a class of similarly situated individuals,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
(El nombre y dirección de la corte es): Rene C. Davidson Courthouse

CASE NUMBER:
(Número del caso): **RG17848396**

Alameda County Superior Court
1225 Fallon Street, Oakland, California 94612

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Eric A. Grover, KELLER GROVER LLP, 1965 Market Street, San Francisco, California 94103 (415) 543-1305

DATE: **FEB - 6 2017**    Clerk, by _Erica Barker_ , Deputy
(Fecha)    **Chad Finke**    (Secretario)    (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☑ on behalf of (specify):

under: ☑ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]
**SUMMONS**
Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov



CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Eric A. Grover, Esq. (SBN 136080)
KELLER GROVER LLP
1965 Market Street
San Francisco, California 94103
TELEPHONE NO.: 415-543-1305    FAX NO.: 415-543-7861
ATTORNEY FOR (Name): Plaintiff Richard Wuest

**FILED
ALAMEDA COUNTY**

FEB - 6 2017

CLERK OF THE SUPERIOR COURT
By _Erica Baker_
ERICA BAKER, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS: 1225 Fallon Street
CITY AND ZIP CODE: Oakland, California 94612
BRANCH NAME: Rene C. Davidson Courthouse

CASE NAME:
Wuest v. Complete Recovery Corporation, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | RG17848396 JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [✓] Large number of witnesses
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [✓] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify): One
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: February 6, 2017
Eric A. Grover
_____        ► _EA Grover_ (signature)
(TYPE OR PRINT NAME)        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |
|---|---|---|

**BY FAX**

*14977211*

 

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*.

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

F. ADDENDUM TO CIVIL CASE COVER SHEET

*Unified Rules of the Super... Court of California, County of Alameda*

| Short Title: Wuest v. Complete Recovery Corporation, et al. | Case Number: |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM

**THIS FORM IS REQUIRED IN ALL NEW <u>UNLIMITED</u> CIVIL CASE FILINGS IN THE**
**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**

[ ] Hayward Hall of Justice (447)
[✓] Oakland, Rene C. Davidson Alameda County Courthouse (446)    [ ] Pleasanton, Gale-Schenone Hall of Justice (448)

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | Alameda County Case Type (check only one) | | |
|---|---|---|---|---|
| Auto Tort | Auto tort (22) | [ ] | 34 | Auto tort (G) |
| | | **Is this an uninsured motorist case?  [ ] yes  [ ] no** | | |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] | 75 | Asbestos (D) |
| | Product liability (24) | [ ] | 89 | Product liability (<u>not</u> asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] | 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] | 33 | Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [ ] | 79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] | 80 | Civil rights (G) |
| | Defamation (13) | [ ] | 84 | Defamation (G) |
| | Fraud (16) | [ ] | 24 | Fraud (G) |
| | Intellectual property (19) | [ ] | 87 | Intellectual property (G) |
| | Professional negligence (25) | [ ] | 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] | 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] | 38 | Wrongful termination (G) |
| | Other employment (15) | [✓] | 85 | Other employment (G) |
| | | [ ] | 53 | Labor comm award confirmation |
| | | [ ] | 54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] | 04 | Breach contract / Wrnty (G) |
| | Collections (09) | [ ] | 81 | Collections (G) |
| | Insurance coverage (18) | [ ] | 86 | Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] | 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] | 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] | 17 | Wrongful eviction (G) |
| | Other real property (26) | [ ] | 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] | 94 | Unlawful Detainer - commercial    **Is the deft. in possession** |
| | Residential (32) | [ ] | 47 | Unlawful Detainer - residential    **of the property?** |
| | Drugs (38) | [ ] | 21 | Unlawful detainer - drugs    **[ ] Yes    [ ] No** |
| Judicial Review | Asset forfeiture (05) | [ ] | 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] | 62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] | 49 | Writ of mandate |
| | | **Is this a CEQA action (Publ.Res.Code section 21000 et seq)  [ ] Yes  [ ] No** | | |
| | Other judicial review (39) | [ ] | 64 | Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] | 77 | Antitrust / Trade regulation |
| | Construction defect (10) | [ ] | 82 | Construction defect |
| | Claims involving mass tort (40) | [ ] | 78 | Claims involving mass tort |
| | Securities litigation (28) | [ ] | 91 | Securities litigation |
| | Toxic tort / Environmental (30) | [ ] | 93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] | 95 | Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] | 19 | Enforcement of judgment |
| | | [ ] | 08 | Confession of judgment |
| Misc Complaint | RICO (27) | [ ] | 90 | RICO (G) |
| | Partnership / Corp. governance (21) | [ ] | 88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] | 68 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] | 06 | Change of name |
| | | [ ] | 69 | Other petition |

KELLER GROVER LLP
Attn: Grover, Eric A.
1965 Market Street
San Francisco, CA   94103____

Complete Recovery Corporation

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Wuest<br><div align="right">Plaintiff/Petitioner(s)</div><div align="center">VS.</div><br>Complete Recovery Corporation<br><div align="right">Defendant/Respondent(s)</div><div align="center">(Abbreviated Title)</div> | No. <u>RG17848396</u><br><br><br>NOTICE OF HEARING |

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

Complex Determination Hearing
Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 03/28/2017   TIME: 03:00 PM   DEPARTMENT: 30
LOCATION: U.S. Post Office Building, Second Floor
          201 13th Street, Oakland

Case Management Conference:
DATE: 05/16/2017   TIME: 03:00 PM   DEPARTMENT: 30
LOCATION: U.S. Post Office Building, Second Floor
          201 13th Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 3.250 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 30 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 268-5104. Please consult Rule 3.30(c) of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 30.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions. Case Management Statements may be filed by E-Delivery, by submitting directly to the E-Delivery Fax Number (510) 267-5732. No fee is charged for this service. For further information, go to **Direct Calendar Departments** at

**http://apps.alameda.courts.ca.gov/domainweb**.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 30.

If the information contained in this notice requires change or clarification, please contact the courtroom clerk for Department 30 by e-mail at Dept.30@alameda.courts.ca.gov or by phone at (510) 268-5104.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Dated: 02/09/2017                    Chad Finke  Executive Officer / Clerk of the Superior Court

                                     By                          digital

                                                                    Deputy Clerk

**CLERK'S CERTIFICATE OF MAILING**

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

        Executed on 02/10/2017.

                                     By                          digital

                                                                    Deputy Clerk

*14891526*

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Eric A. Grover, Esq. (SBN 136080); Robert W. Spencer, Esq. (SBN 238491)<br>Keller Grover LLP<br>1965 Market Street<br>San Francisco, California 94103<br>TELEPHONE NO.: (415) 543-1305     FAX NO. (Optional): (415) 543-7861<br>E-MAIL ADDRESS (Optional): eagrover@kellergrover.com<br>ATTORNEY FOR (Name): Plaintiff Richard Wuest | FOR COURT USE ONLY<br><br>**FILED**<br>**ALAMEDA COUNTY**<br>MAR 0 1 2017<br>CLERK OF THE SUPERIOR COURT<br>By _____ Deputy |
|---|---|

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda<br>STREET ADDRESS: 1225 Fallon Street<br>MAILING ADDRESS: 1225 Fallon Street<br>CITY AND ZIP CODE: Oakland, California 94612<br>BRANCH NAME: Rene C. Davidson Courthouse | |
|---|---|

| PLAINTIFF/PETITIONER: Plaintiff Richard Wuest<br><br>DEFENDANT/RESPONDENT: Complete Recovery Corporation | |
|---|---|

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>RG17848396 |
|---|---|

TO (insert name of party being served): Complete Recovery Corporation

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: February 9, 2017

Eric A. Grover, Esq.
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of (to be completed by sender before mailing):
1. ☑  A copy of the summons and of the complaint.
2. ☑  Other (specify):
    1. Civil Case Cover Sheet with Addendum
    2. ADR Information

(To be completed by recipient):

Date this form is signed: Feb. 27, 2017

Spencer Ely, Esq., on behalf of Complete Recovery Corp.
_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

---

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov


BY FAX