UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RICHARD WUEST, individually, and on behalf of all others similarly situated,

    Plaintiff,

v.

COMPLETE RECOVERY CORPORATION; and DOES 1 through 10, inclusive,

    Defendants.

Case No. 3:17-cv-01674-JCS

**DECLARATION OF CLAUDIA SALCEDO IN SUPPORT OF COMPLETE RECOVERY CORPORATION'S MOTION TO COMPEL INDIVIDUAL ARBITRATION AND STAY LITIGATION**

Date:    May 25, 2017
Time:    10:00 AM PDT
Place:   Courtroom 11

Complaint Filed: Feb. 6, 2017

I, CLAUDIA SALCEDO, declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am a Litigation Paralegal for Comcast Cable Communications, LLC, which is a subsidiary of Comcast Corporation (collectively "Comcast").

2. As a Litigation Paralegal, I am familiar with the content and provision of the Comcast Agreement for Residential Services ("Subscriber Agreement") and other documents that govern subscribers' services. I am also familiar with Comcast's routine business practices regarding the provision of these documents to Comcast subscribers. I submit this Declaration in support of Complete Recovery Corporation's Motion to Compel Arbitration and Stay Litigation in the above-captioned action.

3. On behalf of Comcast, Complete Recovery Corporation collects Comcast-owned equipment from Comcast subscribers whose services have either been downgraded or disconnected. In connection with these services, Complete Recovery Corporation places and receives calls on Comcast's behalf to and from former Comcast subscribers.

4. Comcast is neither related to nor a corporate affiliate of Defendant Complete Recovery Corporation.

**Plaintiff Richard Wuest's Comcast Account**

5.  I have reviewed Comcast's business records regarding Plaintiff Richard Wuest's Comcast account that were created in the ordinary course of business and collected by myself or others working under my direction. Those records reflect as follows.

6.  Comcast's business records reflect that Mr. Wuest ordered Comcast services for an address in Rancho Cordova, California and was sent a self-install kit. Following his self-installation, Comcast began providing services to Mr. Wuest at his address in Rancho Cordova, California on June 8, 2013.

7.  Comcast's business records reflect that Mr. Wuest's account was disconnected on or about July 7, 2016.

8.  Comcast's business records reflect that Mr. Wuest failed to return Comcast-owned equipment after his Comcast services were disconnected.

9.  Comcast's business records reflect that Comcast referred Mr. Wuest's account to Complete Recovery Corporation to collect its unreturned equipment on or about October 5, 2016.

**The Subscriber Agreement**

10. It is Comcast's regular and routine practice to include in every self-install kit a Welcome Package. The Welcome Package contains, among other things, a copy of the Subscriber Agreement. The Subscriber Agreement includes a section on arbitration.

11. The written arbitration agreement within the Subscriber Agreement contains an opt out provision. The current Subscriber Agreement is also always available online at http://www.xfinity.com/corporate/customers/policies/subscriberagreement.html and the version of the Subscriber Agreement in effect when Mr. Wuest initiated Comcast services is attached as Exhibit 1.

12. Section 13.C of the Subscriber Agreement provided to subscribers when Mr. Wuest installed services explains that subscribers may opt out of the arbitration agreement with no adverse effect on their relationship with or service from Comcast by visiting www.comcast.com/arbitrationoptout or mailing a request to Comcast at 1701 John F. Kennedy Blvd., Philadelphia, PA 19103-2838, Attn: Legal Department/Arbitration, within 30 days of

commencing service. The written request must be timely and must include the subscriber's name, address, and Comcast account number as well as a clear statement that the subscriber does not wish to resolve disputes with Comcast through arbitration.

13. It is Comcast's regular and routine practice to maintain records of subscriber opt out requests within its arbitration opt out database. Comcast has no record of any opt out requests by Mr. Wuest or related to the account number and/or address associated with his account.

14. If called as a witness, I would and could competently testify to all of the foregoing, which is within my personal knowledge or based upon information gathered within the course and scope of my duties as a Litigation Paralegal for Comcast Cable Communications, LLC.

I hereby declare under penalty of perjury that the foregoing is true and correct.

Executed on April __8__, 2017

Claudia Salcedo